UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK HOLADAY, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEYBANK N.A., a national banking association,<br><br>　　　　　Defendant. | CASE NO. C19-1199RSM<br><br>ORDER DENYING STIPULATED MOTION TO EXTEND TRIAL AND ASSOCIATED DEADLINES |
| KEYBANK N.A., a national banking association,<br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>JASON HOLADAY, an individual,<br><br>　　　　　Third-Party Defendant. | |

　　　This matter comes before the Court on the parties' stipulated Motion to Extend Trial Dates and Associated Case Deadlines. Dkt. #27. This case was originally filed in 2019 with a trial date of November 9, 2020. Dkt. #18. The Court has twice continued deadlines due to discovery difficulties from COVID-19. *See* Dkts. #24 and #26. Trial is currently scheduled for August 16, 2021. Dkt. #26.

ORDER DENYING STIPULATED MOTION TO EXTEND TRIAL AND ASSOCIATED
DEADLINES – 1

The current Motion requests another 120-day extension. The only explanation for the request is as follows:

> Good cause exists to extend the case deadlines because the COVID-19 crisis and government-directed social distancing measures have made discovery difficult. As such, parties are continuing to engage in discovery and need additional time to complete the discovery processes.

Dkt. #27 at 2.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

The Court previously granted the parties' Motions because of the obvious delay to discovery caused by the COVID-19 pandemic. The current Motion does not explain why the parties were unable to accomplish discovery within this additional time. A single sentence saying that discovery has been "difficult" does not demonstrate diligence by the parties.

ORDER DENYING STIPULATED MOTION TO EXTEND TRIAL AND ASSOCIATED DEADLINES – 2

Given all of the above, the Court hereby finds and ORDERS that the parties' third stipulated Motion to Extend Trial Dates and Associated Case Deadlines, Dkt. #27, is DENIED without prejudice. The parties are free to file this Motion again with further factual support.

DATED this 17th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE